UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FATHIREE ALI,

    Plaintiff,

vs.

STEVE ADAMSON, Chaplain, DAVID LEACH, Special Activities Coordinator, SHANE JACKSON, Warden, MICHIGAN DEPARTMENT OF CORRECTIONS,

    Defendants.

HON. Hala Y. Jarbou
Magistrate Phillip J. Green
Case No. 1:21-cv-71

FATHIREE ALI, #175762
In Pro Per
Saginaw Corr. Facility
9625 Pierce Rd.
Freeland, MI  48623

Jennifer A. Foster
Attorney for Defendants
P.O. Box 30217
Lansing, MI  48909

PLAINTIFF ALI'S FIRST AMENDED COMPLAINT
WITH JURY DEMAND

## INRODUCTION

This is a pro se civil action by FATHIREE ALI, a state prisoner for damages, declaratory relief concerning the denial of an adequate nutritional halaal diet consistent with the observance of his sincerely held religious belief.

## NATURE OF ACTION

1.  Plaintiff, Fathiree Ali, a prisoner presently housed at Saginaw Corr. Facility, complains that defendant, Head Chaplain at Carson City refused to allow Mr. Ali to receive a diet which complies with the requirements of Ali's Islamic faith despite the fact that the same precise diet is prepared for every meal or many other prisoners.

2.  Mr. Ali alleges that defendants' conduct violates his rights to freedom of religion, protected by the First Amendment to the Constitution of the

1.

United States, violates the Establishment Clause of the Fourteenth Amendment to the Constitution of the United States, violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Religious Land Use and Institutionalized Persons Act [42 USC §2000cc-1]. Mr. Ali seeks decleratory relief, as well as compensatory and punitive damages.

JURISDICTION AND VENUE

3. This action is brought under 42 USC §1983, the First and Fourteenth Amendments to the United States Constitution, and 42 USC §2000cc-1. Therefore this Court has jurisdiction over this action under 28 USC §§1331, 1343, 1346, and 1988. This Court also has pendent jurisdiction over Mr. Ali's state law claims.

4. This Court has jurisdiction to issue declartory relief under 28 USC §§2201 and 2202.

5. Ali has previously filed the following civil complains: Ali v Hofbauer, 2:1997-cv-70236 (habeas corpus to criminal conviction); Ali v McGinnis, 2:1997-cv-72167, Ali v Pendleton, 2:2002-cv-72360; Ali v Betts, 1:18-cv-1201; Ali v Simmons, 1:19-cv-126; Ali v Knight, 1:22-cv-287. Under Ali v Betts, Ali filed two state claims in the Court of Claims, 17-047-MP and 17-022-MP.

PARTIES

6. Fathiree Ali, is currently confined at the Saginaw Corr. Facility, as a state prisoner. During the events described in this First Amendment Complaint, Ali resided at the Carson City Corr. Facility (Carson).

7. Defendant Adamson, is a member of the Christian faith, and has been employed as the chaplain at Carson. In this capacity, defendant, among other duties, evaluate, recommends and approve all request for a special diet/meals based upon religious beliefs before such diet is issued to any prisoner at

2.

Carson. Defendant is sued both in his individual and official capacities.

8. Defendant Shane Jackson, is the Warden at Carson. In this capacity, defendant, among other duties, manages and supervise the operation of Carson, oversees the duties of the chaplain, and governs and approves nutritional and special meals for its inmates. Defendant is sued in both his individual and official capacities.

9. Defendant David Leach, is a member of the Christian faith and employed as the Michigan Department of Corrections Special Activities Coordinator. In this capacity, among other duties, he maintains religious practices and approves religious diets/meals. The MDOC address is P.O. Box 30003, Lansing, MI 48909 - Business phone # (517) 373-8884. Defendant is sued in both his individual and official capacities.

10. Defendant Michigan Department of Corrections, is by statute charge with the duty to control, manage and supervise the operation of state penal institutions, and is required to promulgate rules and policy to establish procedure for prisoners' religious practice. the MDOC address is P.O.Box 30003, Lansing, MI 48909. Defendant is sued in their official capacity.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Ali filed grievances relating to the denial of his request for religious diet and special meals. Each grievance has been denied following an appeal by Ali through all levels of the grievance system available by the MDOC. MDOC final denial was mailed on January 17, 2018.

**FACTS COMMON TO ALL COUNTS**

12. Ali is a devout Muslim, and adherent of the Islamic faith. MDOC has recognized and acknowledged Ali's sincerely held religious belief throughout his nearly thirty-four year incarceration.

13. All Muslims obtain their guidance from the Word of Allaah. The Qur'aan

3.

was originally written in Arabic, although its meaning has been translated into nearly all world languages. The Arabic text is the authority and contains mandatory commandments which are often not translated in the English text.

14. By the Qur'aan and Sunnah (legislated traditions), Muslims are required to eat all of what Allaah has provided -- with exception of foods the text specifically prohibits -- for their proteins, nutrients, healing and benefits. Eating is an obligatory act of worship; so the Muslim has no discretion to exclude foods (i.e. dates, figs, meats, dairy, eggs, vegetables, fish, etc.) from their ordained diet. The Muslims' diet is called: 'halaal diet.'

15. Any newly introduced matter or removal of legislated guidance or conditions to a halaal diet is a bid'ah (innovation) for which the Muslim and his deeds will be rejected. Those who follow not the commands legislated by Allaah and His Messenger $^{saw}$, follow the footsteps of Shaytan (Satan) and their recompense is Hell, where the individual will burn eternally for their acts of disbelief [36:60-67]. Likewise, to reject guidance will close the passage of a supplicant's help from Allaah, and cause other forms of punishment and suffering in this worldly life.

16. This case is about the MDOC implementation and enforcement of certain Policy Directives in a manner that substantially burdens Mr. Ali's sincerely held religious beliefs without a compelling law enforcement purpose, when there are least restrictive means available.

17. For instance, Policy Directive 05.03.150 by Defendants which violates the First Amendment as well as other federal and state laws. Pursuant to this policy, MDOC has rejected the Plaintiff's halaal diet, inhibiting Mr. Ali's ability to practice his sincerely held belief. The incorrect interpretation of this policy has alienated and oppressed Mr. Ali and any similar applicants of it

will further oppress faith communities throughout the State of Michigan's prison system.

18. During Ali's incarceration at Carson, he engaged in intensive studies about his religious beliefs and duties.

19. Based upon his reading of the Qur'aan's Arabic text, including the ahadith (collected narrations) of the Sunnah of Prophet Muhammad $^{saw}$ (peace and blessings be upon him), and associated correspondence with scholars whom follow the Qur'aan and Sunnah, Ali came to believe that his religion requires that he abstain from eating haraam meats (i.e., meats and poultry which have not been slaughter according to Islamic tenets.)

20. As Ali studies continued, he began to learn about and correspond with the highly learned representatives of the Muslim faith. Based upon these further studies, Ali came to believe in a unadulterated Sunnah construction, as (among other requirements) barring the consumption or use of all foods not prepared according to Islamic tenets. See Qur'aan, 6:117-121.

21. Ali's beliefs commands that he not exclud halaal foods from his daily diet (i.e., dates, fish, lamb/cattle and its fats, milk, cheese and eggs) and holiday observance. Any disobedience or rejections of this commandment will subject Ali to an Eternal Abode of Hell for the grave and unforgiveable sin of shirk (giving partnership to Allaah's worship & Lordship).

22. Ali continues to believe in an unadulterated Sunnah interpretation of Qur'aan and struggles because of Defendants' burden to live his life in sin and not in compliance with the legislated interpretation.

23. At Carson, both the warden and chaplain have purchased and allowed other faiths foods consistent with their beliefs' practices and holiday observance.

**Plaintiff Attempt to Obtain a Diet Which Complies With His Religious Belief.**

5.

24. MDOC and Carson prepares three different menus for each meal, a 'regular,' 'vegetarian,' and a 'vegan' menu. Any alternative meal is available after approval for a vegan diet. All variations from the 'regular' and 'vegetarian' diets are based on religious beliefs.

25. Defendants 'vegan diet' is in strict compliance with the Buddhist doctrines, teachings, beliefs, values and ethics. Killing and suffering of all animals is strictly forbidden, even for consumption.

26. Defendants non-vegan meals are routinely prepared and served with cross-contaminations of foods which oppose Qur'aan & Sunnah beliefs.

27. Dozens of prisoners, including new intakes, who request a vegan diet are approved and receive the vegan diet at each meal.

28. In order to prepared an unadulterated halaal diet for Ali would impose no measurable additional cost on the Defendants.

29. In August, 2017, after a kite concerning a halaal diet to Warden Jackson was unresponsive, Ali submitted a request to Adamson for a halaal diet. September 25, 2017, Adamson interviewed Ali, administered a "faith test" and submitted his recommendation with Leach.

30. Defendants denied Ali's request to receive a halaal diet consistent with his sincerely held religious belief in October 2017.

**Damage to Mr. Ali**

31. As a result of Defendants' refusal to approve Ali's request for a halaal diet, defendants have deprived Ali of the practice of his chosen religion.

32. Because of Defendants refusal to approve a halaal diet, Ali has to "eat around" all regular and vegetarian meals that are served at Carson and MDOC facilities, including the many times when the meals are prepared and served with contaminated haraam incredients.

6.

33. As a result of having to avoid non-halaal meals, Ali suffers from bouts of hunger, memory and weight loss, dizziness, anxiety, stress, inadequate nutrition, humiliation and damnation.

34. By Defendants' refusal to provide a halaal diet or an alternative, substentially burdens Ali when he has to purchase high salt intake and non-nutritional foods from the commissary to make up for meals he is unable to eat in the chow hall, unlike other faith based inmates.

35. In light of the fact that other beliefs dietary restrictions and nutrition are met, MDOC application of its Policy Directives to Mr. Ali's request for a halaal diet is discriminatory and bears no rationale relationship to any law enforcement purpose nor can it be the least restrictive means of furthering any law enforcement purpose.

**FIRST CAUSE OF ACTION (Free Exercise of Religion)**

36. Ali repeats and reallege the above paragraphs as if they were fully set forth in length in this First Cause of Action.

37. 42 USC §1983 prohibits any person acting under color of state law, customs, or usage to deprive a citizen of rights secured by the Constituion.

38. At all relevant times, all named Defendants acted under color of state law.

39. Under the First Amendment to the Constitution of the United States of America, Mr. Ali have the right to freely exercise his religion.

40. By rejecting Ali's request for a halaal diet, and simultaneously the ordained nutrients and benefits, Defendants have modified and deprived Ali of his right to exercise his religion in contravention of the Free Exercise Clause, and causes a substantial burden on his ability to follow the requirements of his religion.

41. Denial of a halaal diet was not justified by any legitimate security

7.

purpose or consideration.

42. By rejecting Ali's request for a halaal diet, Defendants have coercively pressured Mr. Ali to at times abandon his strictly held religious belief which violates the Free Exercise Clause of the First Amendment to the Constitution of the United States.

SECOND CAUSE OF ACTION (Establishment of Religion)

43. Ali repeats and reallege the above paragraphs as if they were fully set forth in length in this Second Cause of Action.

44. 42 USC §1983 prohibits any person acting under color of state law, customs, or usage to deprive a citizen of rights secured by the Constituion.

45. At all relevant times, all named Defendants acted under color of state law.

46. Prisoners expressing other religious beliefs, including, without limitation, Christians, Buddhist sects and Hebrew Iseraelites, are all granted diets such that they can practice their religious held belief.

47. The dietary requirements of no other religion are imposed on all prisoners at Carson and MDOC.

48. Defendants' refusal to approve Ali's request for a halaal diet, while permitting prisoners holding other religious beliefs to receive diets consistent with their beliefs favors some religions over others.

49. As a result of Defendatns' refusal to allow Muslims to be given an unadulterated halaal diet, several prisoners have changed their religious affiliation, so that they can receive a diet which comports with their religious beliefs.

50. As a result of Defendants' refusal to allow Muslims to be given any unadulterated halaal diet, Ali, and other Muslims have compromised their beliefs with sins, so that they are not perish due to the lack of adequate nutrition and

8.

proteins.

51. Defendants based their refusal to approve a halaal diet for Ali upon doctrines, applications and interpretation which oppose Islamic traditions.

52. Defendants' approval of religious diets at Carson and MDOC prisons who state they belong to other religions, imposes on all prisoners at Carson the religious dietary requirements of Jewish, Christians and Buddhist; and their refusal to approve such diets for unadulterated Qur'aan & Sunnah prisoners constitute the established of religion, in violation of the Establishment Clause of the First Amendment to the Constitution of the United States.

53. Defendants' conduct was deliberate and intentional, and would have chilled a reason prudent person from furthering practice of the Muslim belief.

THIRD CAUSE OF ACTION (Equal Protection)

54. Ali repeats and reallege the above paragraphs as if they were fully set forth in length in this Third Cause of Action.

55. 42 USC §1983 prohibits any person acting under color of state law, customs, or usage to deprive a citizen of rights secured by the Constituion.

56. At all relevant times, all named Defendants acted under color of state law.

57. Prisoner expressing other religious beliefs, including, without limitations, Jewish, Christians, and Buddhist sects, are all granted diets such that they can practice their religion, and without additional cost.

58. Defendants' refusal to approve Ali's request for a halaal diet while permitting prisoners holding other religious beliefs favors some religions over others.

59. Defendants' approval of religious diets at Carson and MDOC prisons who state they belong to other religions, his imposition on all prisoners at Carson of the religious dietary requirements of Jewish, Christians and Buddhist sects,

9.

and their refusal to approve such diets for unadulterated Qur'aan & Sunnah prisoners violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**FOURTH CAUSE OF ACTION (RLUIPA)**

60. Ali repeats and reallege the above paragraphs as if they were fully set forth in length in this Fourth Cause of Action.

61. RLUIPA provides, in relevant part, the following "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person ... (1) is in furtherance of a compelling governmental interest; and, (2) is the least restrictive means of furthering that compelling governmental interest." 42 USC §2000cc-1(a)(A)-(B).

62. Plaintiff is a "person" as defined under the RLUIPA. See 42 USC §2000cc-1(a); 42 USC §1997(3).

63. Mr. Ali's desire to worship Allaah through a halaal diet constitutes a sincerely held religious belief.

64. At all relevant times, Defendants met the definition of "government" under RLUIPA. See 42 USC §2000cc-5(4)(A)(i)-(iii).

65. At all relevant times, the location where the Defendants make decision to rejects the halaal diet, including Carson where the events alleged in this complaint transpired, are federally-funded "institutions" as defined under the RLUIPA and the Civil Rights Institutionalized Persons Act of 1980 (CRIPA), 42 USC §1997(1)(B)(ii)-(iii).

66. At all relevant times, Ali was residing in or confined to institutions as defined under RLUIPA when the events alleged above transpired.

10.

67. Defendants' acts or omissions, policies, and customs substantially burdened Ali's religious exercise by rejecting his halaal diet.

68. By rejecting the halaal diet Ali is unable to follow his sincerely held religious belief, common among most Muslims, that their worship to eat as Allaah commands and with Allaah's prescribed nutrients and benefits from meats, fats, dairy, cheese, eggs, and dates.

69. The Defendants have created a continuing harm and a substantial burden to Ali's ability to exercise his religion.

70. Defendants' acts or omissions, policies, and customs do not further a compelling governmental interest.

71. Defendants acts or omissions, policies, and customs are not the least-restrictive means of furthering a compelling governmental interest.

72. As a direct and proximate result of Defendants' wrongful acts and omissions, Ali has suffered damages, and have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation and embarassment.

73. Defendants' refusal to approve Mr. Ali's request for a halaal diet place a substantial burden on his ability to follow the requirements of his religion.

**FIFTH CAUSE OF ACTION (Declaratory Judgment**
**(Fed.R.Civ.P. 57 and 28 USC §§2201-02)**

74. Ali repeats and realleges the above paragraphs as if the same were fully set forth in length in this Fifth Cause of Action.

75. Defendants' conduct was deliberate and intentional, and made with reckless indifference to Ali's religious rights.

76. Ali's rights to the Free Exercise of religion were infringed upon and substantially burdened by Defendants' conduct.

77. Defendants' wrongful interpretation and implementation of PD 05.03.150, to reject a halaal diet is unlawful and unconstitutional practice

that infringes upon the rights of Ali and other Muslim adherents in prison to freely exercise their religion without the interference of substantially burdensome governmental conduct.

78. Defendants' policy, practice, and customs caused and continue to cause Ali and other potential Muslim adherents in prison harm.

79. Mr. Ali is entitled to a declaratory judgment that Defendants infringed upon and substantially burdened his religious Free Exercise and continue to substantially burden the religious Free Exercise of other, similarly situated Muslim adherents in violation of federal and state law and the United States Constitution.

80. Mr. Ali has a strong likelihood of succeeding on the merits of his claims.

**REQUEST FOR RELIEF (All Causes of Action)**

Plaintiff Ali respectfully request judgment against the DEFENDANTS as follows:

(a) Declaring that Defendants' discriminatory practices violate the RLUIPA, 42 USC §2000cc et. seq.; the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution, and Equal Protection of the Fourteenth Amendment.

(b) Enjoining all named Defendants, Defendants' agents, employees, and successors, and all other person in active concert or participation with Defendants from rejects the Muslim request for a halaal diet in order to folow their sincerely held religious beliers;

(c) Awarding Ali such damages as will fully compensate him for his loss of rights and emotional distress suffered due to Defendants unlawful conduct;

(d) Requiring Defendants to adopt nondiscriminatory policies and practice to prevent encroachment on the religious rights of arrestees and prisoners in the future;

(e) Awarding punitive damages to Ali;

(f) Awarding Ali costs, and expenses incurred in prosecuting this actions; and,

(g) Award such further relief as may be required to do justice between the

parties.

Respectfully submitted,

DATED: August 10, 2023

FATHIREE ALI

## VERIFICATION

Pursuant to 28 USC §1746, I verify under the penalty of perjury that the facts stated herein of the FIRST AMENDED COMPLAINT WITH JURY DEMAND, are true to my knowledge.

DATED: August 10, 2023

FATHIREE ALI

## CERTIFICATE OF SERVICE

Plaintiff Fathiree Ali, declares under the penalty of perjury that the foregoing is true and correct, that on the 10th day of August 2023, he handed the prison counselor a copy of: PLAINTIFF ALI'S REQUEST TO FILE AN AMENDED COMPLAINT, PLAINTIFF ALI'S FIRST AMENDED COMPLAINT WITH JURY DEMAND and VERIFICATION, to be mailed to Jennifer A. Foster, AAG, at P.O. Box 30217, Lansing, MI 48909.

DATED: August 10, 2023

FATHIREE ALI

## DECLARATION OF MAILING

Plaintiff Fathiree Ali, declares under the penalty of perjury that the foregoing is true and correct, that on the 10th day of August 2023, he handed the prison counselor an original of: PLAINTIFF ALI'S REQUEST TO FILE AN AMENDED COMPLAINT, PLAINTIFF ALI'S FIRST AMENDED COMPLAINT WITH JURY DEMAND, and VERIFICATION to be mailed to the United States Western District Court.

DATED: August 10, 2023

FATHIREE ALI

13.

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator at Step II: FEB 1 2022 RCVD

Grievance Identifier: LCF 2201 00 10402BC

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
FEB 22 2022
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 2-11-22. If it is not submitted by this date it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Ali, Fathiree | 175762 | LCF | F1-136 | 1/21-24/22 | 1/31/22 |

**STEP II — Reason for Appeal**
Appellant contend that his grievance is arbitrarily being denied without the requested required assistance. The day after he filed this grievance, he was interviewed by Lt. Losinski about his meals. The Lt assured me that he would correct this problem. The following day the grievance was denied for multiple issues. The issue here is straightforward and only consist of the repeated denials of meals consistent with my religious beliefs. This office should follow with Lt. Losinski's partial resolve and cease all harassment and problems of my not receiving a proper daily nutritious meal.

**STEP II — Response** The Step I rejection has been reviewed by the Wardens office in accordance with PD 03.02.130, and the Rejection is upheld at Step II

Date Received by Step II Respondent:

B. Morrison
Respondent's Name (Print)

Bryan Morr (signature)
Respondent's Signature

02/03/22
Date

Date Returned to Grievant: 2-7-22

**STEP III — Reason for Appeal**
The grievance procedure was not made available to Grievant as the Grievance officer refused to give assistance for filing this grievance and denied it on the denial of lawful meals. There is one issue here, and it is not being addressed, and thus my religious practice has been willfully burdened. Furthermore, where the Lt commenced the process, only to rejected by the GC afterward illustrate the harassment and denial of religious practice. The grievance should be revesed.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



# STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

Rec #: 133113
28C

**To Prisoner:** Ali  F1-136  **#:** 175762

**Current Facility:** LCF

**Grievance Identifier:** LCF-22-01-0104-28C

**Step III Received:** 2/22/2022

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.   MAR 1 6 2022

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

CC: Warden, Current Facility:
    Warden, Grieved Facility: LCF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN 48909