UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

    Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                        Case No. 1:21-cv-71

STEVE ADAMSON, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 29) and Plaintiff's Motion to Compel (ECF No. 31). For the reasons articulated herein, Plaintiff's motions will both be denied.

**I.    Motion to Amend**

Plaintiff initiated this action on January 21, 2021. (ECF No. 1). On April 7, 2023, the Court entered a Case Management Order (CMO), which provided, in relevant part, that "[m]otions to join parties or to amend the pleadings must be filed within 45 days of the date of this Order." (ECF No. 23). Plaintiff filed his motion to amend on August 10, 2023, eighty days after the deadline articulated in the CMO.

Because the deadline articulated in the CMO passed before Plaintiff filed the present motion, Plaintiff is entitled to amend his complaint only upon a showing of good cause. *See, e.g., Leary v. Daeschner*, 349 F.3d 888, 904-07 (6th Cir. 2003) (once the

-1-

deadline to amend articulated in a CMO expires, a party seeking to amend its pleadings must satisfy Rule 16's "good cause" standard rather than Rule 15's more liberal standard).

Plaintiff offers no rationale or reason for why his motion to compel was filed so long after the deadline. Moreover, the Court discerns no good cause to excuse Plaintiff's untimeliness. Having failed to establish good cause to modify the deadline articulated in the CMO, Plaintiff's motion to amend is hereby denied as untimely. Furthermore, even if the Court were willing to overlook Plaintiff's untimeliness, his motion to amend must also be denied on futility grounds.

Plaintiff asserts that he seeks to amend his complaint to assert against the Michigan Department of Corrections (MDOC) a claim for declaratory relief. Plaintiff sued the MDOC in his original complaint, but these claims were dismissed because "Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts." (ECF No. 7). This limitation applies to actions seeking declaratory relief. *See, e.g., Haertel v. Michigan Department of Corrections*, 2021 WL 4271908 at *3 (6th Cir., May 11, 2021). Accordingly, Plaintiff's motion to amend is denied, in the alternative, as futile. *See, e.g., Puckett v. Lexington-Fayette Urban County Government*, 833 F.3d 590, 610 (6th Cir. 2016).

## II. Motion to Compel

The CMO provided that all discovery motions must be filed no later than August 7, 2023. (ECF No. 23). Plaintiff filed his motion to compel on August 21, 2023. (ECF No. 31). Plaintiff fails to articulate good cause for his failure to timely file the present motion. While such is a sufficient basis to deny Plaintiff's motion, the present motion must be denied for an additional reason. Pursuant to Local Rule of Civil Procedure 7.1(b), "[a]ll discovery motions shall set forth verbatim, or have attached, the relevant discovery request and answer or objection." Plaintiff has failed to submit or sufficiently describe the discovery requests in dispute. By failing to comply with this requirement, Plaintiff has failed to demonstrate that Defendants' objections or responses were improper. Accordingly, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

Date: October 12, 2023 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge