FILED - KZ
November 3, 2023 10:40 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mg  Scanned by mj 11/3/23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FATHIREE ALI,

    Plaintiff,

vs

Case No. 1:21-cv-71

Honorable Hala Y. Jarbou

Magistrate Phillip J. Green

STEVE ADAMSON, DAVID LEACH,
and SHANE JACKSON

    Defendants.

_____/

FATHIREE ALI, #175762
In Pro Per
Saginaw Corr Facility
9625 Pierce Rd.
Freeland, MI  48623

JENIFER A. FOSTER
Attorney for Defendants
P.O. Box 30217
Lansing, MI  48909

_____/

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S DENIAL OF
PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 29)
and PLAINTIFF'S MOTION TO COMPEL (ECF No. 31)

    Plaintiff, Fathiree Ali, proceeding pro se, objects to the Magistrate's denial-- issued on October 12, 2023 -- of his Motion to Compel (ECF No. 31) and Motion to Amend Complaint, request pursuant to Fed.R.Civ.P. 59(e) reconsideration because of the following reasons:

RECONSIDERATION AND OBJECTIONS TO MOTION TO COMPEL DENIAL

    1. The Magistrate held that Plaintiff has failed to submit or sufficiently describe the discovery request in dispute, and by failing to comply with this requirement, Plaintiff has failed to demonstrate that Defendants' objections or responses were improper. Ali, respectfully objects.

    2. Mr. Ali contends that courts generally hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers, and have

1.

acknowledged that special problems in writing detailed complaints that are caused by incarceration. Erickson v Pardus, 551 US 89, 94 (2007); Haines v Kerner, 404 US 519, 520-21 (pro se complaints are entitled to liberal construction).

3. Due to this District local rules, Ali only sent to the Court a letter that he was requesting discovery and interrogatories from Defendant. However, now the Magistrate is dismissing the motion because I did not attach the discovery. I am confused to exactly as to what the Magistrate or Local rules is suggesting I attach.

4. Unlike the Defendants' Attorney General, Mr. Ali does not have online access (as do the Asst Atty General) to LEXIS, WestLaw or any tools to provide docket or reference numbers to pleadings and their exhibits. Ali simply stated in his motion that his "Declaration of Mailing" was on file with this Court's record, and timely filed. In addition, to illustrate the problems Plaintiff was having with the facility, Ali attached a grievance that reflect other problems he is having with his receipt and delivery of his legal mail. As a prisoner I can not control what prison administrators do. Mr. Ali operated within the tools available.

5. Still, Mr. Ali while without a reference number, and based on the court record, the Declaration of Mailing reflects that his Request for Discovery and Interrogatories were timely filed. See Houston v Lack, 487 US 266, 273-76 (1988).

6. On August 2, 2023, prison officials delivered to Mr. Ali a copy of the docket journal. Mr. Ali is now aware that the Declaration of Mailing in dispute is referenced as ECF No. 26, and attached hereto as Exhibit A, for reconsideration and to compel Defendants to disclose their records and respond to interrogatories.

RECONSIDERATION AND OBJECTIONS FOR MOTION TO AMEND DENIAL

7. The Magistrate denied Mr. Ali's motion to amend, due to failure to show good cause, untimeliness and futility.

8. Mr. Ali objects and contends that reconsideration is warranted because the court abused its discretion. Besides, good cause should be permitted since the Defendants are the ones whom are interfering with Plaintiff's process.

9. Even though Plaintiff's motion was filed after the Case Management Order and discovery, Defendants had no motions before the Court. Further, Plaintiff had previously pled that Defendants were ignoring his discovery request which would have required an amendment to the CMO so that Defendants could make good and produce the sought after discovery. But, as it may, both of Plaintiff's motions are denied, and the Defendants can continue with their contribution of prejudice to Ali.

10. Good cause should be warranted where prison control a plaintiff's access to the court, references and tools to sufficiently present his claim are impeded.

11. Additionally, an amendment coming late in discovery should not be denied as a penalty when the factual basis was not disclosed until late in discovery. MPT, Inc., Marathon Labels, Inc, 2005 US Dist LEXIS 29728 (N.D. Ohio, Nov. 23, 2004). Ali learned at his deposition—July 24, 2023—that Defendants were not going to respond to his discovery, and would not permit his claim into the record while denying his consulting of reference notes.

12. Plaintiff further objects to the Magistrate failure to respond to complaint that 1) Defendants have denied him notice and access to the deposition transcript, see Rule 30; and have not issued an order of disclosure, 2) whether the scheduling order should be modified to permit Ali access, as well as a copy of the deposition transcripts. Throughout this cause, Defendants motions have been last day/minute filings, which impedes Ali's response because of mailing or prison administrators processing delays. The playing filed is UNFAIR.

13. Lastly, Plaintiff seeks to include his Eighth Amendment claim in his amendment, as they are represented by the facts in the original complaint.

CONCLUSION

14. Mr. Ali ask that the Magistrate's Order been reversed and that 1) Ali be permitted to amend his Complaint, 2) that the Defendants be ordered to submit the requested discovery and interrogatories, 3) that Defendants provide Ali a copy of the deposition transcripts which they failed to do as prescribed by Rule and that the Scheduling Order be Amended so that Plaintiff can have equal time to file his response to Defendants' Motion for Summary Judgment.

Respectfully submitted,

FATHIREE ALI

October 26, 2023

CERTIFICATE OF SERVICE

Plaintiff Fathiree Ali, declare under the penalty of perjury that the foregoing is true and correct, that on the 26th day of October 2023, he handed to the prison counselor an original copy of PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S DENIAL OF PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 29) and PLAINTIFF'S MOTION TO COMPEL (ECF No. 31); to be mailed to Jennifer A. Foster, AAG, at P.O. Box 30217, Lansing, MI 48909.

DATED: October 26, 2023

FATHIREE ALI

Declaration of Mailing

Plaintiff Fathiree Ali, declare under the penalty of perjury that the foregoing is true and correct, that on the 26th day of October 2023, he handed to the prison counselor an original copy of PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S DENIAL OF PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 29) and PLAINTIFF'S MOTION TO COMPEL (ECF No. 31); , to be mailed to the United States Western District Court

DATED: October 26, 2023

FATHIREE ALI

Fathiree Ali, 175762
9625 Pierce Rd
Freeland, Michigan 48623



US District Court
Clerk of the Court
107 Federal Bldg /410 W. Michigan Ave
Kalamazoo, MI 49007